UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------- X   Case No.
PETER ELLIS,

                   Plaintiff,   **COMPLAINT**

            - against -

                                       **PLAINTIFF DEMANDS**
PB VENTILATING SYSTEMS, INC.,      **A TRIAL BY JURY**

                  Defendant.

------------------------------------------- X

      PETER ELLIS ("Plaintiff"), by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against PB VENTILATING SYSTEMS, INC. ("Defendant") alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the discrimination and retaliation provisions of (i) **Section 1981 of the Civil Rights Act of 1866,** 42 U.S.C. § 1981 ("Section 1981"); (ii) the **New York State Human Rights Law**, New York State Executive Law § 296, *et seq.* ("NYSHRL"); (iii) the **New York City Human Rights Law,** New York City Administrative Code § 8-107(1), *et seq.* ("NYCHRL"), and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff seeks damages to redress the injuries Plaintiff suffered as a result of being discriminated against and retaliated against by Defendant on the **basis of Plaintiff's race (African American)** and **age (over forty)**.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over Plaintiff's state and municipal claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district in that the events or omissions giving rise to the claims occurred within the Eastern District of New York. 28 U.S.C. § 1391(b).

## PARTIES

6. At all times material, Plaintiff was and is an African America male, over the age of forty, and a resident of the State of New York.

7. At all times material, Plaintiff was and is a "person" and an "employee" of Defendant and entitled to protection as defined by Section 1981, the NYSHRL, and the NYCHRL.

8. At all times material, Defendant was and is a domestic corporation headquartered at 24- 80 47th Street, Astoria, New York 11103

9. At all times material, Plaintiff was employed by Defendant.

10. At all times material, Defendant was an "employer" under Section 1981, the NYSHRL, and the NYCHRL.

## MATERIAL FACTS

11. In or about 1994, Plaintiff began working for Defendant as a full-time Apprentice.

12. At all times material, Plaintiff typically worked approximately 40 hours per week.

13. At all times material, Plaintiff worked under the supervision of Owner, Paul Berti, Jr. ("Mr. Berti"), and Supervisor, Phillip Guiffre ("Mr. Guiffre").

14. At all times material, Plaintiff was an exemplary employee who had no write-ups or disciplinary actions throughout his employment.

15. Indeed, throughout Plaintiff's tenure with Defendant, Plaintiff successfully grew within the

company and earned various raises and promotions.

16. As such, by 2016 Plaintiff was promoted to Foreman, earning $57.60 per hour plus overtime compensation, calculated at one and one-half times Plaintiff's hourly rate, for any hours worked over eight in a day.

17. Further, by 2018, based on Plaintiff's outstanding performance, Defendant began giving Plaintiff $150.00 per week in addition to Plaintiff's salary.

18. In or about November 2020, Mr. Guiffre became Plaintiff's new Supervisor.

19. Mr. Guiffre immediately began targeting and discriminating against Plaintiff based on Plaintiff's race (African American) and age (over forty).

20. For example, in or about November 2020, Mr. Guiffre appeared at two of Plaintiff's work sites and introduced himself to every other employee, but purposely did not introduce himself to Plaintiff. In fact, Mr. Guiffre ignored Plaintiff and walked around the job site speaking to each employee except Plaintiff.

21. At that time, Plaintiff was not aware of who Mr. Guiffre was. Once Mr. Guiffre left the worksite, Plaintiff asked a co-worker and learned that Mr. Guiffre was the new Supervisor.

22. On multiple occasions, Mr. Guiffre would allow the staff to leave early for the day but would force Plaintiff to stay an extra half-hour before dismissing Plaintiff.

23. Additionally, Mr. Guiffre frequently took multiple tools from Plaintiff's "gang box" (a toolbox used and shared by Plaintiff and his partner). This caused Plaintiff great stress as Plaintiff would then be forced to complete his work, on time, while missing crucial tools.

24. Further, Mr. Guiffre habitually diminished Plaintiff's authority by insisting that he needed to supervise Plaintiff's work and by refusing to let Plaintiff supervise his own work. In contrast, Mr. Guiffre consistently let younger, Caucasian, and Hispanic foremen supervise their own work without concern.

25. Plaintiff attempted to ignore Mr. Guiffre's discriminatory treatment; however Mr. Guiffre continued to unjustly target Plaintiff.

26. As such, Plaintiff made multiple complaints to Mr. Berti regarding Mr. Guiffre's harassment, discrimination, and hostile work environment. However, Mr. Berti repeatedly dismissed Plaintiff's concerns and claimed, "don't worry, I'll talk to [Mr. Guiffre]."

27. Following Plaintiff's complaints of discrimination, Plaintiff contacted a Union Representative (name unknown) to question Defendant as to the incidents.

28. However, the Union Representative never fully and properly investigated the complaints, never questioned the other employees, and never notified Plaintiff of the results of his investigation. Plaintiff was then forced to continue working with his Harasser, Mr. Guiffre.

29. In or about April 2021, Plaintiff complained to Mr. Berti again regarding Mr. Guiffre's discriminatory treatment. Specifically, Plaintiff complained that Mr. Guiffre was further discriminating against Plaintiff by purposely assigning the other mechanics easy work and assigning Plaintiff difficult work.

30. Mr. Berti again dismissed Plaintiff's concerns of discrimination, and only stated, "I'll speak to him."

31. Notably, Defendant failed to investigate Plaintiff's concerns of discrimination and took no actions to rectify the ongoing discrimination.

32. In or about October 2021, at approximately 11:00 a.m., Plaintiff had a disagreement with a co-worker (name unknown). The co-worker ultimately threatened Plaintiff with a hammer.

33. The following day, without any investigation or questioning, Defendant immediately terminated Plaintiff's employment.

34. Plaintiff immediately contacted Mr. Berti and complained that Mr. Guiffre was discriminating against Plaintiff and had terminated Plaintiff without investigating or questioning Plaintiff as

to what had occurred the previous day.

35. Approximately two weeks later, Defendant re-hired Plaintiff. Plaintiff found himself obligated to accept the position due to financial difficulties.

36. However, when Plaintiff returned to work, he learned that he would have to complete his assignments without a partner.

37. Plaintiff then asked Mr. Guiffre when Plaintiff would be able to work with his partner again, and Mr. Guiffre said "never."

38. Notably, Mr. Guiffre had no legitimate reason or justification as to why Plaintiff would not be allowed to have a partner. Further, all other employees in similar positions had work partners assigned to them in order to complete assignments more efficiently and due to the complicated nature of the work.

39. In or about June 2021, Plaintiff told Mr. Guiffre that the Juneteenth holiday was coming up and explained to him that it was "recognized as the day Black people were freed from slavery." Mr. Guiffre then scoffed at Plaintiff and stated, "I have a comment about that, but I'll keep it to myself."

40. Later that week, on or about June 18, 2021, the day before Juneteenth, Mr. Guiffre entered the workspace and threatened all staff by saying, "No one can leave early, or I'll lay everyone off and close the company." Notably, this aggressive threat came only days after Plaintiff told Mr. Guiffre about the Juneteenth holiday.

41. That same day, Plaintiff contacted Mr. Berti and again complained of Mr. Guiffre's discriminatory treatment and hostile work environment. Mr. Berti again dismissed Plaintiff's complaints and only replied, "Don't worry, I'll talk to him."

42. In or about November 2021, Plaintiff worked on an assignment at 1 Pennsylvania Plaza.

However, as per Mr. Guiffre's orders, Plaintiff did not supervise the job. '

43. Further, despite Plaintiff's extensive experience, Mr. Guiffre never asked Plaintiff to step in as a replacement foreman when other foremen were unanavailable.

44. Plaintiff asked Mr. Guiffre why Plaintiff was unable to supervise his own work or why he could not step in as a "replacement foreman" despite Plaintiff's multiple years of experience and current role as a foreman. Mr. Guiffre ignored Plaintiff and refused to answer.

45. Then, merely days later, on or about November 10, 2021, Defendant terminated Plaintiff's employment and provided him with a letter stating that he was being terminated due to a lack of work.

46. Notably, at the time of Plaintiff's termination there was a surplus of work which needed to be completed.

47. Additionally, just three days before Plaintiff was terminated, Defendant hired two new (significantly younger) mechanics and one apprentice.

48. Plaintiff again contacted Mr. Berti and complained that he was unjustly terminated and asked Mr. Berti to intervene. Mr. Berti provided no assistance or explanation.

49. To date, Defendant has failed to properly investigate Plaintiff's complaints of harassment and discrimination and has further failed to discipline any culpable parties.

50. Further, to date, Mr. Guiffre continues working for Defendant without being properly investigated or disciplined for his discriminatory treatment of Plaintiff.

51. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, traumatized, and emotionally distressed.

52. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, benefits, and other compensation which such

employment entails, future pecuniary losses, and emotional pain, suffering, inconvenience, loss of enjoyment of life, severe emotional and physical distress, and other non-pecuniary losses.

## FIRST CAUSE OF ACTION
## FOR RACE DISCRIMINATION UNDER SECTION 1981

53. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

54. 42 U.S.C. § 1981(a) states in relevant part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

55. As described herein, Defendant, through its owner, employees and managers, engaged in unlawful employment practices prohibited by Section 1981 by discriminating against Plaintiff on the basis of his race (African American) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff based on his race.

56. Defendant, through its owner, employees and managers, engaged in unlawful employment practices prohibited by Section 1981, as described herein.

57. As a result of Defendant's unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, economic losses, for which he is entitled to an award of monetary damages and other relief.

58. As a result of the unlawful discriminatory conduct of the Defendant in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional

7

distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

59. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Section 1981, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER SECTION 1981

60. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

61. Though the plain language of § 1981 does not specifically reference retaliation, "the view that §1981 encompasses retaliation claims is indeed well embedded in the law." *See CBOCS West Inc. v. Humphries*, 553 U.S. 442, 451-52, 128 S. Ct. 1951, 1957–58, 170 L.Ed.2d 864, 872-73 (2008) (holding that Section 1981 of the Civil Rights Act of 1866 unequivocally includes claims of retaliation by those pursuing race and color claims under the statute).

62. As described herein, Plaintiff engaged in activities protected by Section 1981 by repeatedly complaining of Mr. Guiffree's discriminatory treatment and hostile work environment.

63. Then, merely days after Plaintiff's final complaint, Defendant retaliated against Plaintiff by terminating Plaintiff's employment without cause, explanation, or justification.

64. Defendant would not have terminated Plaintiff but for Plaintiff's complaints of harassment and discrimination.

65. Such retaliatory treatment would dissuade a reasonable employee from making or supporting similar complaints of discrimination.

66. As a result of Defendant's retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, economic losses, for which he is entitled to an award of monetary damages and other relief.

67. As a result of Defendant's retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

68. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Section 1981, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

**THIRD CAUSE OF ACTION**
**FOR RACE DISCRIMINATION UNDER THE NYSHRL**

69. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

70. New York State Executive Law § 296(1)(a) provides that

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

71. As described herein, Defendant, through its owner, employees and managers, engaged in unlawful employment practices prohibited by the NYSHRL by discriminating against Plaintiff on the basis of his race (African American) by creating, fostering, condoning, accepting,

9

ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff based on his race.

72. Defendant, through its owner, employees and managers, engaged in unlawful employment practices prohibited by the NYSHRL, as described herein.

73. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic losses, for which he is entitled to an award of monetary damages and other relief.

74. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

75. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## FOURTH CAUSE OF ACTION
## FOR AGE DISCRIMINATION UNDER THE NYSHRL

76. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

77. New York State Executive Law § 296(1)(a) provides that

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

78. As described herein, Defendant, through its owner, employees and managers, engaged in unlawful employment practices prohibited by the NYSHRL by discriminating against Plaintiff on the basis of his age (over forty) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff.

79. Defendant, through its owner, employees and managers, engaged in unlawful employment practices prohibited by the NYSHRL, as described herein.

80. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic losses, for which he is entitled to an award of monetary damages and other relief.

81. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

82. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

### FIFTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE NYSHRL

83. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

84. Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person

engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

85. As described herein, Plaintiff engaged in activities protected by the NYSHRL by repeatedly complaining of Mr. Guiffree's discriminatory treatment and hostile work environment.

86. Then, merely days after Plaintiff's final complaint, Defendant retaliated against Plaintiff by terminating Plaintiff's employment without cause, explanation, or justification.

87. Defendant would not have terminated Plaintiff but for Plaintiff's complaints of harassment and discrimination.

88. Such retaliatory treatment would dissuade a reasonable employee from making or supporting similar complaints of discrimination.

89. As a result of Defendant's unlawful conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic losses, for which Plaintiff is entitled to an award of monetary damages and other relief.

90. As a result of Defendant's unlawful conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

91. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

# SIXTH CAUSE OF ACTION
# FOR RACE DISCRIMINATION UNDER THE NYCHRL

92. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

93. New York City Administrative Code § 8-107(1)(a)(1) and (2) provide that it shall be an unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or immigration or citizenship status of any person to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment.

94. As described herein, Defendant, through its owner, employees and managers, engaged in unlawful employment practices prohibited by the NYCHRL by discriminating against Plaintiff on the basis of his race (African American) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff based on his race.

95. Defendant, through its owner, employees and managers, engaged in unlawful employment practices prohibited by the NYCHRL, as described herein.

96. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic losses, for which he is entitled to an award of monetary damages and other relief.

97. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss

13

of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

98. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## SEVENTH CAUSE OF ACTION
## FOR AGE DISCRIMINATION UNDER THE NYCHRL

99. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

100. New York City Administrative Code § 8-107(1)(a)(1) and (2) provide that it shall be an unlawful discriminatory practice:

> For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or immigration or citizenship status of any person to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment.

101. As described herein, Defendant, through its owner, employees, and managers, engaged in unlawful employment practices prohibited by the NYCHRL by discriminating against Plaintiff on the basis of his age (over forty) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff.

102. Defendant, through its owner, employees and managers, engaged in unlawful employment practices prohibited by the NYCHRL, as described herein.

103. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic losses, for which he is entitled to an

award of monetary damages and other relief.

104. As a result of the unlawful discriminatory conduct of Defendant in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

105. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## EIGHTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NYCHRL

106. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

107. New York City Administrative Code § 8-107(7)(i) provides that it shall be an unlawful discriminatory practice:

> "[F]or any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has opposed any practice forbidden under this chapter. . . ."

108. As described herein, Plaintiff engaged in activities protected by the NYCHRL by repeatedly complaining of Mr. Guiffree's discriminatory treatment and hostile work environment.

109. Then, merely days after Plaintiff's final complaint, Defendant retaliated against Plaintiff by terminating Plaintiff's employment without cause, explanation, or justification.

110. Defendant would not have terminated Plaintiff but for Plaintiff's complaints of harassment and discrimination.

111. Such retaliatory treatment would dissuade a reasonable employee from making or supporting

similar complaints of discrimination.

112. As a result of Defendant's unlawful conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic losses, for which Plaintiff is entitled to an award of monetary damages and other relief.

113. As a result of Defendant's unlawful conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

114. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## JURY DEMAND

115. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

a. Declaring that Defendant engaged in unlawful employment practices prohibited by Section 1981, the NYSHRL, and the NYCHRL in that Defendant discriminated against Plaintiff on the basis of his race and age, and created and maintained a hostile work environment;

b. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

c. Awarding Plaintiff compensatory damages for mental and emotional injuries and distress, including pain and suffering, and injury to his reputation in an amount to be

16

proven;

d.     Awarding Plaintiff punitive damages;

e.     Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

f.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendant's unlawful employment practices.

Dated: Garden City, New York
       June 21, 2023

**PHILLIPS & ASSOCIATES, PLLC**

By: _____**/s/**_____
William K. Oates
*Attorneys for Plaintiff*
585 Stewart Avenue, Suite 410
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901-2107
woates@tpglaws.com