UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETER ELLIS,

                Plaintiff,

v.

PB VENTILATING SYSTEMS, INC.,

                Defendant.

**ORDER**
23-CV-04629 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff has asserted claims against Defendant, his former employer, of racial discrimination and race-based retaliation under 42 U.S.C. § 1981. ECF No. 1. He has also asserted claims for racial discrimination, age discrimination, and retaliation under the New York State and City Human Rights Laws. *Id.* Plaintiff's complaint attributes most of the alleged discriminatory and retaliatory actions to his former supervisor, a non-party named Phillip Guiffre. *Id.* The parties have filed a joint letter making requests to compel the production of various documents and information, *see* ECF No. 19, which the Court grants in part as further set forth below.

    When seeking to compel discovery, "the party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *6340 NB LLC v. Capital One, N.A.*, No. 20-cv-2500, 2022 WL 4118521, at *2 (E.D.N.Y. Sept. 9, 2022).[1] That means that the party moving to compel must demonstrate that its requested discovery is, "as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

information sought, and the importance of the information sought to the asserted claims or defenses." *Id.* However, "[t]he party objecting to a discovery request must describe the burden of responding to the request by submitting affidavits or offering evidence revealing the nature of the burden." *Fritz v. LVNV Funding, LLC*, 587 F. Supp. 3d 1, 4–5 (E.D.N.Y. 2022).

Plaintiff seeks the production of Mr. Guiffre's complete personnel file, rather than Defendant's proposed compromise that Defendant provide only materials from his personnel file related to "any complaints of race or age discrimination, or retaliation . . . and any discipline imposed for any substantiated claims." ECF No. 19 at 2. Since Mr. Guiffre allegedly was the primary force behind Plaintiff's termination and other alleged instances of discriminatory treatment, producing his entire personnel file is appropriate, rather than permitting Defendant to self-select portions of the file that Defendant deems to be relevant. *See Diaz v. Local 338 of the Retail, Wholesale, Dep't Store Union*, No. 13-cv-7187, 2014 WL 4384712, at *3 (E.D.N.Y. Sept. 3, 2014) (ordering defendant to produce personnel files of non-parties "alleged to have engaged in the purported discrimination"); *Dzanis v. JPMorgan Chase & Co.*, No. 10-cv-3384, 2011 WL 5979650, at *4 (S.D.N.Y. Nov. 30, 2011) (ordering production of personnel files for non-party supervisors "alleged to have participated in the discriminatory conduct at issue"). Since Plaintiff has agreed that portions of Mr. Guiffre's personnel file should be subject to a protective order, including the production of portions of the personnel file on an attorneys' eyes only basis, the parties shall jointly propose a confidentiality order for the Court's review on or before November 8, 2023.

Defendant seeks to compel the production of Plaintiff's tax returns from the year 2019 to the present. "Courts are generally reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax returns." *Babbitt v.*

2

*Koeppel Nissan, Inc.*, No. 18-cv-5242, 2019 WL 3296984, at *9 (E.D.N.Y. July 23, 2019) (denying motion to compel production of tax returns in employment discrimination case because plaintiff "ha[d] already produced W-2s, 1099s, and paystubs"). Accordingly, "[a] party seeking to compel production of tax returns in civil cases must meet a two-part showing that: (1) the returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." *Id.* Due to the sensitivity of Plaintiff's tax returns, the Court orders Plaintiff to produce any Forms W-2 or 1099 that he received for the tax years 2019 to the present. *See Shannon v. Liberty Mut. Grp. Inc.*, No. 20-cv-1192, 2021 WL 2644742, at *8 (D. Conn. June 28, 2021) (denying motion to compel production of plaintiff's tax returns in age discrimination case because plaintiff had already "disclosed his W-2s, paystubs, and all documents concerning his job search efforts"). To the extent that Defendant believes that Plaintiff has other sources of relevant income that are not reflected in these documents, Defendant may explore that topic during Plaintiff's deposition and follow up with a request to compel additional documents if necessary. *See Marseet v. Rochester Institute of Tech.*, No. 20-cv-7096, 2023 WL 1097969, at *9 (W.D.N.Y. Jan. 30, 2023) (denying motion to compel production of plaintiff's tax returns in race discrimination case "without prejudice to renewal" and allowing plaintiff first to produce Forms W-2 and 1099).

      Plaintiff shall respond to Defendant's proposed compromise version of its interrogatory requesting that Plaintiff "[i]dentify any social media accounts, email addresses and cell phone numbers that Plaintiff has used in the past 5 years." ECF No. 19 at 4. However, the Court's order that Plaintiff simply identify these social media accounts and other forms of communication does not mean that the Court will grant further requests by Defendant to compel the production of all or some of the communications exchanged using these accounts.

The Court declines to take any action regarding Defendant's request to compel the production of the work-related phone that Defendant made available to Plaintiff because Plaintiff has represented that Defendant will receive that phone by November 3, 2023.  ECF No. 19 at 4. If Plaintiff fails to provide that phone, then the parties shall raise any future requests for relief related to the phone in a joint letter that complies with Section IV.A of the Court's Individual Practices prior to the completion of fact discovery.

      SO ORDERED.

                                             */s/ Hector Gonzalez*
                                             HECTOR GONZALEZ
                                             United States District Judge

Dated: Brooklyn, New York
        November 1, 2023