UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETER ELLIS,

      *Plaintiff*,

– against –

PB VENTILATING SYSTEMS, INC.,

      *Defendant*.

**MEMORANDUM & ORDER**
23-cv-04629 (NCM) (JAM)

**NATASHA C. MERLE**, United States District Judge:

  This Court has received the Report and Recommendation ("R&R") on the instant case dated June 17, 2024, from the Honorable Joseph A. Marutollo, United States Magistrate Judge. ECF No. 40. Defendant timely objected to the R&R. For the reasons stated below, the Court overrules defendant's objections and adopts the R&R in its entirety.

## BACKGROUND

  Plaintiff brought this action against his former employer for alleged discrimination and retaliation based on plaintiff's race and age in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; the New York State Human Rights Law, New York State Executive Law § 296; and the New York City Human Rights Law, New York City Administrative Code § 8-107(1). Compl. 1, ECF No. 1. After the close of fact discovery, defendant moved for sanctions against plaintiff and his counsel pursuant to Federal Rule of Civil Procedure 37(e), including dismissal of this action, for plaintiff's alleged spoliation

1

of evidence. ECF No. 29.[1] By R&R, Magistrate Judge Marutollo recommended denial of defendant's Motion. Defendant timely objected to the R&R, ECF No. 44 (the "Objection"), and plaintiff opposed defendant's Objection, ECF No. 45 (the "Objection Opposition").

## STANDARD OF REVIEW

The Court reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).[2] "Merely referring the court to previously filed papers or arguments does not constitute an adequate objection" pursuant to Rule 72(b). *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022); *see also New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations."). Nor will a court consider any arguments not previously raised, but which could have been raised, before the magistrate judge. *Carpenters*, 335 F. Supp. 3d at 351.

A district court reviews "[p]ortions of a report and recommendation that are not properly objected to" for any "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir.

---

[1] The Court hereinafter refers to the Memorandum of Law in Support of Defendant's Motion for Sanctions and Spoliation of Evidence, ECF No. 30, as the "Motion"; Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Spoliation / Sanctions, ECF No. 36, as the "Opposition"; and Defendant's Reply Memorandum of Law in Further Support of Its Motion for Sanctions and Spoliation of Evidence, ECF No. 36, as the "Reply."

[2] Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

2024); *see also Sosa v. New York City Dep't of Educ.*, 368 F. Supp. 3d 489, 494 (E.D.N.Y. 2019) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.").

## DISCUSSION

A party moving for sanctions pursuant to Federal Rule of Civil Procedure 37(e) must demonstrate three prerequisites: (1) "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost"; (2) the loss was due to a party's failure "to take reasonable steps to preserve" the information; and (3) that information "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). These prerequisites are "conditions precedent" to the imposition of sanctions pursuant to Rule 37(e). *Chepilko v. Henry*, No. 1:18-cv-02195, 2024 WL 1203795, at *4 (S.D.N.Y. Mar. 21, 2024). The burden rests with the movant to demonstrate each element by a preponderance of the evidence. *Id.* In order to impose sanctions, the Court must also find "prejudice to another party from loss of the information." Fed. R. Civ. P. 37(e)(1); *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 65 (S.D.N.Y. 2020) ("Rule 37(e)(1) . . . does not place a burden of proving or disproving prejudice on one party or the other. The rule leaves judges with discretion to determine how best to assess prejudice in particular cases.").

Only if the movant can further demonstrate that "the party acted with the intent to deprive another party of the information's use in the litigation," may a Court presume, or instruct a jury to presume, that the information was unfavorable or "dismiss the action or enter a default judgment." *See* Fed. R. Civ. P. 37(e)(2); *Carroll v. Trump*, No. 20-cv-07311, 2024 WL 475140 at *7 (S.D.N.Y. Feb. 7, 2024). Indeed, "[d]ismissal under Rule 37 is

3

appropriate only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Park*, 91 F.4th at 612.

Magistrate Judge Marutollo found that defendant did not meet its burden as to the prerequisites for Rule 37(e) sanctions. *See* R&R at 11–12. Specifically, Judge Marutollo concluded that defendant "has not demonstrated whether the ESI at issue is irretrievable." R&R at 14. Defendant timely objected to the R&R on two grounds: (i) Magistrate Judge Marutollo erred by finding that defendant had not met its burden to show the information had been lost; and (ii) Magistrate Judge Marutollo failed to consider sanctions other than dismissal. The Court agrees with the reasons stated in the R&R and, for the reasons stated below, adopts the R&R in its entirety.

I. Objection: Factual Errors

Defendant objects to the R&R on the basis that it "erroneously concludes" that defendant has not demonstrated that the deleted information is lost. Obj. at 9.[3] Specifically, defendant contends that the R&R fails to address deleted messages with unnamed employees and "disregards the fact that there was no opportunity" for defendant to obtain the deleted messages through discovery. Obj. at 9. Upon its *de novo* review, the Court finds that defendant has not demonstrated that the deleted messages are lost, as required by Rule 37(e).

To assess whether information has been lost, the Court must consider whether it can "be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). As noted in the advisory committee's note to Rule 37, electronically stored information can often be restored or replaced, especially information that exists on multiple sources. Fed. R.

---

[3] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

4

Civ. P. 37(e) advisory committee's note to 2015 amendment ("Because electronically stored information often exists in multiple locations, loss from one source may often be harmless when substitute information can be found elsewhere."). Such is the case with communication by text messages, which are sent and received by multiple users. *See CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 497 (S.D.N.Y. 2016) (noting that "relief would not be available under the amended [Rule 37(e)] where, for example, emails are lost when one custodian deletes them from his mailbox but remain available in the records of another custodian"). Defendant has made no effort to show that the deleted messages are irretrievable, nor has it indicated any attempt to obtain the deleted messages from other custodians, whether through formal discovery or its own internal processes.[4] *Cf. CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-02581, 2021 WL 4190628, at *16 (S.D.N.Y. Aug. 18, 2021) (finding movant demonstrated permanent loss based on record of "various recovery efforts" and showing that "additional discovery would be fruitless"). Defendant's attempt to rest on plaintiff's purported wrongdoing is simply not sufficient to meet *its* burden under Rule 37(e). *See id.* ("The law is clear that the burden remains with the moving party" to show that the information cannot be restored or replaced.). As Magistrate Judge Marutollo correctly noted, "[a] party need not pursue every possible avenue for replacing or restoring the ESI, but it must show that it made some good-faith attempt to explore its alternatives before pursuing spoliation

---

[4] Defendant also argues that it could not pursue the deleted information through discovery because of the Court's denial of the parties' third request to extend discovery after scheduling the deposition of the named plaintiff to occur less than one week prior to the close of fact discovery. *See* Obj. at 10. That argument is unavailing for the reason the Court noted at the time: "Actual or anticipated requests for documents and information following a deposition are routine, not extremely unusual." ECF Order dated Jan. 18, 2024. This is especially so in light of the fact that, as discussed *infra*, defendant has failed to demonstrate a timely attempt to retrieve the deleted information.

5

sanctions." R&R at 16 (quoting *Gill v. JUS Broad. Corp.*, No. 19-cv-04216, 2023 WL 7412275, at *6 (E.D.N.Y. Nov. 9, 2023)). Defendant has made no such showing.

II. Objection: Lesser Sanctions

Defendant also objects to the R&R on the basis that Magistrate Judge Marutollo "did not address or consider whether lesser sanctions other than dismissal were warranted," including "fees and costs associated with the motion and/or [p]laintiff's discovery abuses." Obj. at 7. In particular, defendant takes issue with the R&R prejudice analysis, which it contends erred in not considering sanctions for (1) plaintiff's failure to identify employees he communicated with on the deleted messages; (2) plaintiff's alleged lack of reasonable inquiry as to his discovery production; and (3) defendant's deposition of plaintiff "before learning he withheld and destroyed evidence." Obj. at 8–9.

These objections reveal a misunderstanding as to the function of the prejudice analysis. Prejudice is a threshold requirement to "any relief whatsoever." *Carroll*, 2024 WL 475140 at *7. Magistrate Judge Marutollo properly found that "[a]t this stage, any finding of any prejudice is premature without further discovery" into whether the messages were actually lost. R&R at 17. An explicit consideration of sanctions lesser than dismissal was therefore unnecessary because defendant failed to meet the requirement of prejudice necessary for *any* relief under Rule 37(e).

Moreover, Magistrate Judge Marutollo properly concluded that defendant has not demonstrated that the deletion was prejudicial. While some courts have considered prejudice "to mean merely that the evidence is probative, similar to the concept of relevance," other courts understand it to "require proof that the evidence was not only probative, but that it would affirmatively support the movant's claim." *Ungar v. City of New York*, 329 F.R.D. 8, 15 (E.D.N.Y. 2018), *aff'd*, No. 21-cv-01384, 2022 WL 10219749

(2d Cir. Oct. 18, 2022). Nonetheless, "[c]ourts in this Circuit generally require some proof of prejudice in the latter sense before sanctions will issue." *Id.*; *see also Carroll*, 2024 WL 475140 at *9 n.56 ("This Court holds that the party seeking sanctions must prove that the discarded evidence, had it been preserved, actually would have supported the movant's claim.").

Here, defendant has put forth nothing more than speculation that the deletion was prejudicial under either definition. As plaintiff has pointed out, defendant did not establish at plaintiff's deposition that the deleted messages contained communications relevant to this case. *See* Pl.'s Opp'n 14–15 (citing to deposition transcript at ECF 37-1). Indeed, if any messages between plaintiff and defendant's custodians are relevant, plaintiff correctly notes that defendant would have produced those during the course of discovery in this action. *See* Pl.'s Opp'n at 16. As to any non-party former employees of defendant who may have messages to or from plaintiff relating to this case, defendant has offered no argument as to why those would be relevant, beyond speculating that their deletion equates with relevance.

Rule 37(e) does not contemplate, let alone endorse, this tautology defendant asks the Court to embrace. In order for the Court to consider drawing an adverse inference as to the content and therefore prejudicial nature of the deleted messages, defendant must first demonstrate that plaintiff deleted the messages with the intent to deprive defendant of the information. *See Carroll*, 2024 WL 475140 at *11 ("The movant bears the burden of proving by clear and convincing evidence not merely the intent to perform an act that destroys ESI but rather the *intent to actually deprive another party of evidence*.") (emphasis original). As Magistrate Judge Marutollo correctly found, defendant has not cleared the prerequisite hurdles, let alone demonstrated intent to deprive.

7

Without a showing that the deleted information is probative or would support defendant's case, the Court does not find that the deletion caused defendant prejudice. Accordingly, Rule 37(e) sanctions are not appropriate at this time.

## CONCLUSION

For the reasons stated above, the Court adopts the R&R, in its entirety, as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1). Defendant's Motion is **DENIED** without prejudice. The Court's ECF Order dated March 6, 2024, is hereby revised such that the deadline to take the first step in dispositive motion practice is adjourned until a date after any additional discovery and as scheduled by Magistrate Judge Marutollo.

**SO ORDERED.**

                                                                                     */s/ Natasha C. Merle*  
                                                                                    NATASHA C. MERLE  
                                                                                    United States District Judge

Dated:        August 30, 2024  
                 Brooklyn, New York